994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John G. IRONS, Plaintiff,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a Corporation; Rector
Redimix Concrete Company, a Corporation, Defendants.
BURLINGTON NORTHERN RAILROAD COMPANY, Third Party-plaintiff Appellee,
v.
RECTOR REDIMIX CONCRETE COMPANY, Third Party-defendant Appellant.
 No. 92-3680.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 13, 1993.
Filed: June 2, 1993.
 
 Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellee Burlington Northern Railroad Company's ("BN") train collided with appellant Rector Redimix Concrete Company's ("Rector") truck in February 1987, injuring BN employee John G. Irons. Irons sued BN and Rector in February 1990. BN and Rector filed cross claims against each other for property damage and for indemnity against any recovery by Irons. In June 1991, the district court dismissed Irons's claim against Rector for lack of jurisdiction but granted BN leave to assert a third party complaint against Rector to replace BN's prior cross claim. BN subsequently settled with Irons, and the dispute between BN and Rector proceeded toward trial.
 
 
 2
 In May 1992, BN moved for default judgment because Rector had never answered BN's third party complaint. The magistrate judge denied that motion, but granted BN's motion to strike all affirmative defenses, denied Rector's motion to file a tardy answer, and ordered Rector to proceed to trial on the basis of a general denial. On July 6, 1992, just before trial was scheduled to begin, Rector moved to dismiss on the ground that it was dissolved in December 1988 and therefore lacked capacity to be sued, a defense that had never been suggested, much less pleaded, throughout the lengthy pretrial proceedings. The district court[1] denied this motion as untimely, and the case proceeded to trial before the court. BN was ultimately awarded judgment of $180,000 on its indemnity claim against Rector, and the district court denied Rector's post-trial motion to vacate judgment. Rector appeals, arguing that as a dissolved corporation it had no capacity to be sued under Nebraska law for an indemnity claim that did not arise until after dissolution.
 
 
 3
 The capacity defense first asserted by Rector on the eve of trial was not only untimely, see Fed. R. Civ. P. 12(b), it was also inconsistent with Rector's prior active defense of BN's indemnity claim. A district court has discretion to deny a party's attempt to assert an untimely defense. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-33 (1971); L & L Marine Service, Inc. v. Insurance Co. of North America, 796 F.2d 1032, 1038 (8th Cir. 1986), cert. denied, 479 U.S. 1065 (1987). Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in denying Rector's assertion of a capacity-to-be-sued defense as untimely.
 
 
 4
 The judgment of the district court is affirmed. See 8th Cir. R. 47B.
 
 
 
 [1]
 The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska